4 (Rev. 11/04) **CIVIL COVER SHEET** **APPENDIX H**

S 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided al rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating il docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| ) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| WILLIAM HOLMES and LELAND SLEDGE | INFINITY INDEMNITY CASUALTY COMPANY |

| ) County of Residence of First Listed Plaintiff    Philadelphia, PA | County of Residence of First Listed Defendant    Indianapolis, IN |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| ) Attorney's (Firm Name, Address, and Telephone Number)<br>Marc I. Simon, Esquire, 1515 Market Street, Suite 1910, Philadelphia, PA 19102; Telephone: 215-400-2251 | Attorneys (If Known)<br>Chester F. Darlington, Esquire, Bennett, Bricklin & Saltzburg LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103; Telephone: 215-665-3363 |
|---|---|

| BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

|  |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|
| U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State  X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| U.S. Government Defendant | X 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State  ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| | | Citizen or Subject of a  ☐ 3 Foreign Country | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| Insurance<br>☐ Marine<br>☐ Miller Act<br>☐ Negotiable Instrument<br>☐ Recovery of Overpayment & Enforcement of Judgment<br>☐ Medicare Act<br>☐ Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ Recovery of Overpayment of Veteran's Benefits<br>☐ Stockholders' Suits<br>☐ Other Contract<br>☐ Contract Product Liability<br>☐ Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ Land Condemnation<br>☐ Foreclosure<br>☐ Rent Lease & Ejectment<br>☐ Torts to Land<br>☐ Tort Product Liability<br>☐ All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

| ORIGIN | (Place an "X" in One Box Only) | | | | | Appeal to District |
|---|---|---|---|---|---|---|

| ☐ Original Proceeding | X 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

| **CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>28 U.S.C. §§1332, 1441 and 1446 |
|---|---|
| | Brief description of cause:<br>breach of contract, bad faith pursuant to 42 Pa. C.S.A. 8371 |

| **REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** In excess $75,000 | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   X Yes    No |
|---|---|---|---|

| . RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

January 31, 2013                SIGNATURE OF ATTORNEY OF RECORD

OFFICE USE ONLY

| CEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Reverse (Rev. 11/04)

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____1208 N. Wilton Street, Philadelphia, PA 19131_____

Address of Defendant: _____2555 East 55th Place, Suite 209, Indianapolis, IN 46220_____

Place of Accident, Incident or Transaction: _____     *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes     No

Does this case involve multidistrict litigation possibilities?     Yes☐     No **X**

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐     No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐     No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐     No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. [X] Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

_____Chester F. Darlington_____     **ARBITRATION CERTIFICATION**

_____, counsel of record do hereby certify:

Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____1-31-13_____          _____          _____79070_____
                              Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____January 31, 2013_____          _____Chester F. Darlington, Esquire_____          _____79070_____
                                         Attorney-at-Law                              Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## CASE MANAGEMENT TRACK DESIGNATION FORM

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HOLMES | : |
| and | : |
| LELAND SLEDGE | : |
| | : |
| vs. | : NO. |
| | : |
| INFINITY INDEMNITY | : |
| CASUALTY COMPANY | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits  ( )

( c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court.  (See reverse side of this form for a detailed explanation of special
 management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| **January 31, 2013** | ⫶ | |
| **Date** | **Attorney-at-law**<br>**Chester F. Darlington, Esq.** | **Attorney for  Defendant** |
| (215) 665-3363 | (215) 561-6661 | darlington@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HOLMES<br>and<br>LELAND SLEDGE | :<br>:<br>:<br>:  NO.<br>: |
| v. | : |
| INFINITY INDEMNITY<br>CASUALTY COMPANY | :<br>: |

**DEFENDANT INFINITY INDEMNITY INSURANCE COMPANY'S
(INCORRECTLY DESIGNATED BY PLAINTIFFS
AS "INFINITY INDEMNITY CASUALTY COMPANY")
NOTICE OF REMOVAL**

AND NOW, comes defendant Infinity Indemnity Insurance Company (incorrectly designated by plaintiffs as "Infinity Indemnity Casualty Company) (hereinafter "defendant"), and for the sole purpose of removing this lawsuit to the United States District Court for the Eastern District of Pennsylvania, avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania at No. 121203753.

2.      The action was initiated in the aforementioned court by plaintiffs filing a civil action complaint on December 28, 2012.  A true copy of the complaint is attached hereto as Exhibit "A."

3.      Defendant was served with the complaint no earlier than January 3, 2013.

4.      On January 23, 2013, plaintiffs filed an amended complaint.  A true copy of the amended complaint is attached hereto as Exhibit "B."

5.      There are two plaintiffs in the complaint and the amended complaint.

6.     At the time of the filing of this action and at the present time, plaintiff William Holmes was/is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1208 North Wilton Street, Philadelphia, Pennsylvania 19131.

7.     At the time of the filing of this action and at the present time, plaintiff Leland Sledge was/is an adult individual and resident of the Commonwealth of Pennsylvania residing at 831 North Hutton Street, Philadelphia, Pennsylvania 19103.

8.     At the time of the filing of this action and at the present time, defendant was/is a company organized and existing under the laws of the State of Indiana with a principal place of business located at 2555 East 55th Place, Suite 209, Indianapolis, Indiana 46220.

9.     The amount in controversy in the complaint and the amended complaint is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, as set forth below:

     (a)    There are two plaintiffs in the complaint and the amended complaint;

     (b)    The complaint and the amended complaint allege four separate causes of action;

     (c)    Count I of the complaints allege uninsured motorist benefits on behalf of William Holmes.  The count expressly alleges serious and permanent personal injuries, serious impairment of bodily functions and serious disfigurement of a permanent nature.  The count expressly alleges past and future wage losses and emotional distress.  The count expressly alleges past and future medical expenses.  The count avers that William Holmes seeks an amount in excess of $50,000 plus costs;

     (d)    Count II of the complaints allege uninsured motorist benefits on behalf of Leland Sledge.  The count expressly alleges serious and permanent personal injuries, serious impairment of bodily functions and serious disfigurement of a permanent nature.  The count expressly alleges past and future wage losses and emotional distress.  The count expressly alleges past and future medical expenses.  The count avers that William Holmes seeks an amount in excess of $50,000 plus costs;

(e)    Count III of the complaints aver statutory bad faith pursuant to Pennsylvania's bad faith statute, 42 Pa.C.S.A §8371, on behalf of William Holmes.  Count III seeks enhanced interest, attorney fees, punitive damages and costs, as stated in the statute;

(f)    Count IV of the complaints aver statutory bad faith pursuant to Pennsylvania's bad faith statute, 42 Pa.C.S.A §8371, on behalf of Leland Sledge.  Count IV seeks enhanced interest, attorney fees, punitive damages and costs, as stated in the statute;

(g)    The limits of the uninsured motorist coverage under the policy was $15,000/$30,000 stacked at three vehicle for a total of $45,000/$90,000. See plaintiffs' amended complaint;

(h)    The amount of damages sought in the various counts of the complaint may be cumulated in order to ascertain the amount sought.  Fine v. State Farm Fire & Casualty Co., 1993 U.S. Dist. LEXIS 7682 (E.D. Pa. 1993);

(i)    Allegations seeking attorney's fees, interest and punitive damages may be considered to determine whether the jurisdictional amount has been satisfied.  Bell v. Preferred Life Assurance Soc'y., 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943);  Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995).  Indeed, "(i)f appropriately made...claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  Huber v. Taylor, 532 F.3d 237, 244 (3rd Cir. 2008) (citing to Golden ex rel. v. Golden, 382 F.3d 348 (3rd Cir. 2004));

(j)    Each individual plaintiff's claim against the defendant, without regard to the other plaintiffs, is in excess of $75,000;

(k)    The bad faith statute provides for punitive damages awards, interest at the prime rate plus three percent, attorney fees, and costs.  Plaintiffs have specifically demanded an award which includes each of those items of damage; and

(l)    On January 29, 2013, defendant's counsel wrote to plaintiffs' counsel asking whether plaintiffs would cap the case below the jurisdictional threshold of this court.  Plaintiffs' counsel did not respond.  A true copy of the e-mail is attached hereto as Exhibit "C."  This e-mail can be considered to show that the amount in controversy exceeds $75,000.

<u>Valley v. State Farm Fire & Cas. Co.</u>, 2006 U.S. Dist LEXIS 90376 (E.D. Pa. 2006).

10.    The plaintiffs and defendant are citizens of different states and the amount in controversy is in excess of $75,000, thus, jurisdiction of this court may be exercised on that basis.

11.    The within action is one which may be removed to this court by defendant herein pursuant to the provisions of 28 U.S.C. § 1441.  This action has been brought in a state court and a District Court of the United States has jurisdiction under 28 U.S.C. § 1332.  <u>Employers Ins. v. Crown Corp.</u>, 942 F.2d 862 (3rd Cir. 1991).

12.    This removal is timely pursuant to 28 U.S.C. 1446(b), as this Notice of Removal is being filed within 30 days of service of the complaint.

13.    Defendant has, simultaneously with the filing of this Notice, given written notice to plaintiffs of the removal.

14.    Defendant is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

**WHEREFORE**, for the foregoing reasons, defendant hereby removes the above action to this court and requests that this court accept jurisdiction of the parties and over this action.

BENNETT BRICKLIN & SALTZBURG LLC

BY: _____

Date: 1-31-13

CHESTER F. DARLINGTON, ESQUIRE
Pa. I.D. No. 79070
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300 telephone
(215) 561-6661 facsimile
darlington@bbs-law.com

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM HOLMES     :
and           :
LELAND SLEDGE     :
            : NO.
    v.       :
            :
INFINITY INDEMNITY    :
CASUALTY COMPANY    :

## PROOF OF SERVICE

I, Chester F. Darlington, Esquire, counsel for defendant, certify that a true and correct copy of

this Notice of Removal was filed electronically and is available for viewing and downloading

from the Electronic Case filing system which constitutes service upon the following counsel of

record.  I have also have sent it to counsel below by first class mail on the date below:

Marc I. Simon, Esq.
Simon and Simon, P.C.
1515 Market Street, Suite 1910
Philadelphia, PA 19102

          BENNETT BRICKLIN & SALTZBURG LLC

Date: 1-31-13    BY: _____
          CHESTER F. DARLINGTON, ESQUIRE
          Pa. I.D. No. 79070
          1601 Market Street, 16th Floor
          Philadelphia, PA 19103
          (215) 561-4300 telephone
          (215) 561-6661 facsimile
          darlington@bbs-law.com
          Attorney for defendant

Sworn to and subscribed to
me on this 31st day
of January, 2013
_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2012**   **003753**

E-Filing Number: 1212040746

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WILLIAM HOLMES | INFINITY INDEMNITY CASUALTY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1208 N. WILTON STREET<br>PHILADELPHIA PA 19131 | PO BOX 830807<br>BIRMINGHAM AL 35283 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LELAND SLEDGE | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 831 N. HUTTON STREET<br>PHILADELPHIA PA 19103 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 1 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>DEC 28 2012<br>J. MURPHY | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES       NO |
|---|---|---|

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WILLIAM HOLMES , LELAND SLEDGE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC I. SIMON | SIMON & SIMON, P.C.<br>1515 MARKET STREET<br>SUITE 1910<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)400-2251 | (267)639-9006 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 201798 | matthewzamites@simonpc.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARC SIMON* | Friday, December 28, 2012, 04:50 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

SIMON & SIMON, P.C.
By:  Marc I. Simon, Esq.
     Matthew Zamites, Esq.
     Joshua A. Rosen, Esq.
     Alex Kroupa, Esq.
     Daniel D'Antonio, Esq.                    *Attorneys for Plaintiff*
Attorney I.D. Nos. 201798/82140/308825/309425/312293
1515 Market Street, Suite 1910
Philadelphia, PA  19102
(215) 400-2251

| | |
|---|---|
| William Holmes | : IN THE COURT OF COMMON PLEAS |
| 1208 N. Wilton Street | : PHILADELPHIA COUNTY |
| Philadelphia, PA 19131 | : |
| | : |
| And | : |
| | : |
| Leland Sledge | : |
| 831 N. Hutton Street | : |
| Philadelphia, PA 19103 | : |
| | : |
| Plaintiffs | : |
| | : December Term, 2012 |
| | : No. |
| v. | : |
| | : |
| Infinity Indemnity Casualty Co. | : |
| PO Box 830807 | : Jury Trial Demanded |
| Birmingham, AL 35283 | : |
| | : |
| Defendant | : |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone:  (215) 238-1701**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.    Hace    falta    asentar    una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.    Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.    Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.    SI    NO    TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA  EN  PERSONA  O  LLAME  POR TELÉFONO    A    LA    OFICINA    CUYA DIRECCION   SE   ENCUENTRA   ESCRITA ABAJO  PARA  AVERIGUAR  DONDE  SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono:  (215) 238-1701**

Case ID: 121203753

## COMPLAINT

1.   Plaintiff, William Holmes, is an adult and competent individual and resident and citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.   Plaintiff, Leland Sledge, is an adult and competent individual and resident and citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.   Defendant, Infinity Indemnity Casualty Company ("Infinity"), is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, and regularly conducts business in Philadelphia, with a business address at the address listed in the caption of this Complaint.

4.   Defendant, Infinity, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability including uninsured motorist coverage.

5.   On or about November 18, 2011, at approximately 8:45 p.m., Plaintiff, William Holmes, was the operator of a motor vehicle, with Plaintiff, Leland Sledge as a passenger, which was traveling northbound on 60th Street, at or near the intersection of Sansom Street, in Philadelphia, PA.

6.   At or about the same date and time, an unidentified tortfeasor, was the operator of an unidentified motor vehicle, which was traveling westbound on Sansom Street, at or near the aforesaid intersection and/or location of the plaintiffs' vehicle.

Case ID: 121203753

7. At or about the same date and time, the aforesaid unidentified tortfeasor's vehicle was involved in a collision with plaintiffs' vehicle.

8. The aforesaid motor vehicle collision was the result of the aforesaid unidentified tortfeasor, negligently, recklessly and/or carelessly, operating their vehicle in such a manner so as to disregard a stop sign and strike plaintiffs' vehicle.

9. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the aforesaid tortfeasor and not the result of any action or failure to act by the plaintiff.

10. As a direct result of the aforesaid motor vehicle collision, Plaintiff suffered severe and permanent injuries, and other damages as are more fully set forth below.

### COUNT I
### William Holmes v. Infinity Indemnity Casualty Company
### Uninsured Motorist Coverage

11. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12. The negligence, carelessness, and/or recklessness of the unidentified tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a. Disregarding a stop sign;

    b. Striking Plaintiffs' vehicle;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

    e. Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

Case ID: 121203753

f.  Failing to have said vehicle under proper and adequate control;

g.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h.  Violation of the assured clear distance rule;

i.  Failure to keep a proper lookout;

j.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

k.  Being inattentive to her duties as an operator of a motor vehicle;

l.  Disregarding traffic lanes, patterns, and other devices;

m.  Driving at a high rate of speed which was high and dangerous for conditions;

n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiffs, even though he/she was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to them;

Case ID: 121203753

t.  Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Driving too fast for conditions;

v.  Following too closely;

w.  Violating the Pennsylvania Vehicle Code;

x.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

y.  Being otherwise reckless, careless and/or negligent under the circumstances.

13. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the unidentified tortfeasor, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness, negligence and/or recklessness of the unidentified tortfeasor, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses for which they make a claim for payment in the present action.

18. At the time of the collision, Plaintiff, William Holmes, was the owner and operator a motor vehicle, in which Plaintiff Leland Sledge was a passenger, which was covered by a policy of insurance issued in the Commonwealth of Pennsylvania by defendant, Infinity, to plaintiff, William Holmes, which included coverage for uninsured motorist coverage under policy number 137152713648001.

19. At the time of the collision, the aforesaid policy of insurance provided for uninsured motorist coverage applicable to plaintiffs, William Holmes and Leland Sledge.

20. The aforesaid unidentified tortfeasor is a "phantom" or "unknown" vehicle and thus qualifies as an "uninsured vehicle" under Pennsylvania law and per the terms and conditions of the policy issued by defendant.

21. Accordingly, Plaintiffs hereby assert a claim against defendant, Infinity Indemnity Casualty Company for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, William Holmes demands judgment in Plaintiff's favor and against Defendant, Infinity Indemnity Casualty Company, in an amount in excess of fifty thousand dollars ($50,000), plus all other costs this Court deems proper.

## COUNT II
### Leland Sledge v. Infinity Indemnity Casualty Company
### Uninsured Motorist Coverage

22. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

23. The negligence, carelessness, and/or recklessness of the unidentified tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.  Disregarding a stop sign;

    b.  Striking Plaintiffs' vehicle;

    c.  Operating his/her vehicle into Plaintiff's lane of travel;

    d.  Failing to maintain proper distance between vehicles;

    e.  Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

    f.  Failing to have said vehicle under proper and adequate control;

    g.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    h.  Violation of the assured clear distance rule;

    i.  Failure to keep a proper lookout;

    j.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

    k.  Being inattentive to her duties as an operator of a motor vehicle;

    l.  Disregarding traffic lanes, patterns, and other devices;

    m.  Driving at a high rate of speed which was high and dangerous for conditions;

n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiffs, even though he/she was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to them;

t.  Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Driving too fast for conditions;

v.  Following too closely;

w.  Violating the Pennsylvania Vehicle Code;

x.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

y.  Being otherwise reckless, careless and/or negligent under the circumstances.

24. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the unidentified tortfeasor, described above, the Plaintiffs suffered various serious and permanent

Case ID: 121203753

personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness, negligence and/or recklessness of the unidentified tortfeasor, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

27. As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses for which they make a claim for payment in the present action.

29. At the time of the collision, Plaintiff, William Holmes, was the owner and operator a motor vehicle, in which Plaintiff Leland Sledge was a passenger, which was covered by a policy of insurance issued in the Commonwealth of Pennsylvania by defendant, Infinity, to plaintiff, William Holmes, which included coverage for uninsured motorist coverage under policy number 137152713648001.

30. At the time of the collision, the aforesaid policy of insurance provided for uninsured motorist coverage applicable to plaintiffs, William Holmes and Leland Sledge.

Case ID: 121203753

31. The aforesaid unidentified tortfeasor is a "phantom" or "unknown" vehicle and thus qualifies as an "uninsured vehicle" under Pennsylvania law and per the terms and conditions of the policy issued by defendant.

32. Accordingly, Plaintiffs hereby assert a claim against defendant, Infinity Indemnity Casualty Company for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, Leland Sledge demands judgment in Plaintiff's favor and against Defendant, Infinity Indemnity Casualty Company, in an amount in excess of fifty thousand dollars ($50,000), plus all other costs this Court deems proper.

## COUNT III
### William Holmes v. Infinity Indemnity Casualty Company
### Bad Faith

33. Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

34. At all times material hereto, plaintiff was a named insured and/or otherwise insured under a policy of motor vehicle insurance issued by the defendant.

35. At all times material hereto, the policy of motor vehicle insurance issued by the defendant to plaintiff William Holmes, under which plaintiff demands UM coverage, contained an invalid rejection of UM coverage. *See*, Exhibit "A".

36. The form of the rejection of UM coverage, which was provided by the defendant, is invalid and in violation of 75 Pa.C.S.A. § 1731(c.1) in that the rejection of UM coverage appears on the same sheet of paper as the rejection of UIM coverage.

37. As a consequence, under Pennsylvania law the plaintiff is entitled to UM coverage in an amount equal to the bodily injury liability limits.

Case ID: 121203753

38. On or about October 2012, plaintiff requested UM benefits from the defendant.

39. On October 24, 2012. defendant denied the plaintiff's request for UM benefits, citing as a reason for the denial the invalid UM rejection form. *See*, Exhibit "A".

40. Defendant knew, or reasonably should have known that the UM rejection form on which it based its denial of UM benefits to the plaintiff was invalid under Pennsylvania law.

41. Despite the above defendant persists in its unlawful denial of UM benefits to the plaintiff.

42. Defendant has thus failed to pay the plantiff's UM claim and has no reasonable basis for doing so.

43. Defendant's actions constitute bad faith under 42 Pa.C.S.A. §8371.

WHEREFORE, plaintiff William Holmes, demands judgment in his favor against the defendant in an amount in excess of $50,000, plus statutory interest, punitive damages, and attorney's fees in accordance with 42 Pa.C.S.A. §8371, as well as costs and other relief which this court deems just.

### COUNT IV
#### Leland Sledge v. Infinity Indemnity Casualty Company
#### Bad Faith

44. Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

45. At all times material hereto, plaintiff was a named insured and/or otherwise insured under a policy of motor vehicle insurance issued by the defendant.

46. At all times material hereto, the policy of motor vehicle insurance issued by the defendant to plaintiff William Holmes, which plaintiff Leland Sledge was a passenger in his vehicle, under which plaintiff demands UM coverage, contained an invalid rejection of UM coverage. *See*, Exhibit "A".

Case ID: 121203753

47.   The form of the rejection of UM coverage, which was provided by the defendant, is invalid and in violation of 75 Pa.C.S.A. § 1731(c.1) in that the rejection of UM coverage appears on the same sheet of paper as the rejection of UIM coverage.

48.   As a consequence, under Pennsylvania law the plaintiff is entitled to UM coverage in an amount equal to the bodily injury liability limits.

49.   On or about October 2012, plaintiff requested UM benefits from the defendant.

50.   On October 24, 2012. defendant denied the plaintiff's request for UM benefits, citing as a reason for the denial the invalid UM rejection form. *See*, Exhibit "A".

51.   Defendant knew, or reasonably should have known that the UM rejection form on which it based its denial of UM benefits to the plaintiff was invalid under Pennsylvania law.

52.   Despite the above defendant persists in its unlawful denial of UM benefits to the plaintiff.

53.   Defendant has thus failed to pay the plantiff's UM claim and has no reasonable basis for doing so.

54.   Defendant's actions constitute bad faith under 42 Pa.C.S.A. §8371.

WHEREFORE, plaintiff Leland Sledge, demands judgment in his favor against the defendant in an amount in excess of $50,000, plus statutory interest, punitive damages, and attorney's fees in accordance with 42 Pa.C.S.A. §8371, as well as costs and other relief which this court deems just.

SIMON & SIMON, P.C.

/s

Simon & Simon, P.C.
Marc I. Simon, Esquire
Matthew Zamites, Esquire
Joshua Rosen, Esquire
Alexander Kroupa, Esquire
Daniel D'Antonio, Esquire
1515 Market St., Ste. 1910

Case ID: 121203753

Philadelphia, PA 19102
(215) 400-2251

## VERIFICATION

I, Marc Simon, hereby state that I am the attorney for the Plaintiffs in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Marc I. Simon

Case ID: 121203753



## FAX COVER SHEET
### FAX NUMBER: (610) 572-9104

From:
~~APPENTION:~~

Brian Sand

Att:
~~FROM:~~

Marc Simon

**DATE:**

9/21/12

**FAX:**

267 - 639 - 9006

**PAGES (INCLUDING COVER):**

**RE:**

William Holmes

**MESSAGE:**

Policy App / Waivers

William Holmes

Case ID: 121203753

09/21/2012   FRI 11:44   FAX                                                       ☒002/012

From: Pennsylvania Auto Insurance Outlet     To: 16105729104     Page: 1/11     Date: 9/21/2012 11:46:59 AM

Binder Number: 137-15271-3848-001

## Pennsylvania
## INFINITY LOW COST

## AUTO APPLICATION

**Infinity Indemnity Insurance Company**
P.O.Box 830199
Birmingham, AL 35283-0199 / 1-800-782-1020

BINDER NUMBER:  137-15271-3648-001
VERSION:  5.11   10/11/2010

### APPLICANT INFORMATION

| | |
|---|---|
| Name: | William Holmes |
| Address: | 1208 n Wilton Street |
| City/State/Zip: | Philadelphia, PA 19131 |
| Home Phone: | 215-668-8047   Work Phone: |
| E-mail Address: | |
| SSN: | |

### PRODUCER INFORMATION

| | |
|---|---|
| Producer Code: 13751-32764 | |
| Name: | PA Auto Insurance Outlet Corp |
| Address: | 4801 FRANKFORD AVE |
| City/State/Zip: | PHILADELPHIA PA 191242017 |
| Phone: | 2157443900   Fax: 2157444119 |

### GENERAL INFORMATION

| TERM | EFFECTIVE DATE | EFFECTIVE TIME | EXPIRATION DATE | EXPIRATION TIME |
|---|---|---|---|---|
| 12 Months | 10/03/2011 | 12:01:00 AM | 10/03/2012 | 12:01:00 AM |

### PREVIOUS INSURANCE INFORMATION

| PREVIOUS CARRIER | POLICY NUMBER | LIMITS | EXPIRATION DATE |
|---|---|---|---|
| AMERICAN INDEPENDENT | | Equal to 15/30 | 02/16/2012 |

### DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION
All persons age 15 and older, LICENSED OR NOT, who reside with the applicant, and any other drivers of the vehicle(s) on this application.

| DRV NO. | DRIVER/RESIDENT | DATE OF BIRTH | GENDER | MARITAL STATUS | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| 1 | William Holmes | 08/06/1950 | M | Single | |
| 2 | Michael Rose | 11/22/1988 | F | Single | |
| 3 | Laurie Blaha | 11/22/1989 | F | Single | |
| 4 | Shanidah Potter | 06/16/1989 | F | Single | |

### DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION (continued)

| DRV NO | DRIVER/RESIDENT | DRIVER'S LICENSE NUMBER | MONTHS EXPERIENCE | CURRENT STATE LICENSED | LICENSE STATUS | POINTS |
|---|---|---|---|---|---|---|
| 1 | William Holmes | 26019614 | 08/05/1950 | PA | Active | 0 |
| 2 | Michael Rose | Do Not Insure | 11/22/2005 | PA | Active | 0 |
| 3 | Laurie Blaha | Do Not Insure | 11/22/2005 | PA | Active | 0 |
| 4 | Shanidah Potter | Do Not Insure | 06/16/2005 | PA | Active | 0 |

### DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION (continued)

| DRV NO | DRIVER/RESIDENT | RELATIONSHIP TO APPLICANT | RESIDENCY STATUS | DRIVING STATUS |
|---|---|---|---|---|
| 1 | William Holmes | Self | Resident | Insure |
| 2 | Michael Rose | Other | Resident | Do Not Insure |
| 3 | Laurie Blaha | Other | Resident | Do Not Insure |
| 4 | Shanidah Potter | Other | Resident | Do Not Insure |

### VEHICLE INFORMATION

| VEH | YEAR | MAKE | MODEL | DESCRIPTION | VEHICLE IDENTIFICATION NUMBER (VIN) | LEASED |
|---|---|---|---|---|---|---|
| 1 | 2001 | FORD | ECONOLIN | ECONOLINE E250 VAN 4X2 | 1FTNE24251HB10297 | No |
| 2 | 1996 | MERC | GR MARQS | GRAND MARQUIS LS/LTD 4DR | 2MEFM75W1WX661789 | No |
| 3 | 1995 | FORD | WINDSTAR | WINDSTAR GL/LX WAGON 4X2 | 2FMDA51416BC08858 | No |

Form Number  13751APP04                                                                 Page 1

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case-ID: 121203753

Binder Number: 137-18271-3648-001

## VEHICLE GARAGING INFORMATION

| VEH | ADDRESS | CITY | STATE | ZIP |
|-----|---------|------|-------|-----|
| 1 | 1208 n Wilton Street | Philadelphia | PA | 19131 |
| 2 | 1208 n Wilton Street | Philadelphia | PA | 19131 |
| 3 | 1208 n Wilton Street | Philadelphia | PA | 19131 |

## POINT DEVELOPMENT
All accidents, violations, and claims over the last 35 months, both chargeable and not chargeable must be disclosed.

| DRV NO | VIOLATION DATE | CHARGEABLE | DESCRIPTION OF VIOLATION |
|--------|----------------|------------|--------------------------|
| 1 | 09302009 | Yes | Improper Turn/U-turn |
| 1 | 01012009 | No | Suspension or License Revocation (NC) |
| 1 | 04132009 | No | Suspension or License Revocation (NC) |

## LIENHOLDER / LESSOR INFORMATION

| VEH | INTEREST | NAME | ADDRESS | PHONE NUMBER | ACCOUNT NUMBER |
|-----|----------|------|---------|--------------|----------------|
|  |  |  |  |  |  |

## CUSTOM OR ADDITIONAL EQUIPMENT
You have requested coverage for the following nonstandard features of your vehicle. Custom or Additional Equipment is excluded from Physical Damage coverage unless specifically listed below and premium is paid.

| VEH | VALUE OF EACH | DATE OF PURCHASE | DESCRIPTION OF EACH ITEM | WHERE PURCHASED |
|-----|---------------|------------------|--------------------------|-----------------|
|  |  |  |  |  |

## PREMIUM DISCOUNTS/SURCHARGES INFORMATION

| APPLIED TO: | DISCOUNT/SURCHARGE DESCRIPTIONS |
|-------------|--------------------------------|
| POLICY | Multi-car / Homeowner / Lmts_tort / Advanced / |
| VEHICLE 1 | Air_bag2-D / |
| VEHICLE 2 | Air_bag2-D / |
| VEHICLE 3 | Air_bag2-D / |
| DRIVER 1 |  |

Case ID: 121203753

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RES-FAX printed on the cover page. Thank you.

09/21/2012 FRI 11:14 FAX                                                    ☒004/012

From: Pennsylvania Auto Insurance Outlet      To: 16105729104      Page: 3/11      Date: 9/21/2012 11:47:00 AM

Binder Number: 137-16271-3648-001

## POLICY COVERAGE INFORMATION

| COVERAGE | LIMITS |
|---|---|
| TORT OPTION | Limited |
| BODILY INJURY | $15000 each person / $30000 each accident |
| PROPERTY DAMAGE | $5000 each accident |
| MEDICAL PAYMENTS | $5000 limit |
| UNINSURED MOTORIST BI UNSTACKED | No Coverage |
| UNINSURED MOTORIST BI STACKED | No Coverage |
| UNDERINSURED MOTORIST BI UNSTACKED | No Coverage |
| UNDERINSURED MOTORIST BI STACKED | No Coverage |
| COMBINED PERSONAL INJURY | No Coverage |
| EXTRAORDINARY MEDICAL BENEFITS | No Coverage |
| INCOME LOSS BENEFITS | No Coverage |
| FUNERAL BENEFITS | No Coverage |
| ACCIDENTAL DEATH | No Coverage |
| ROADSIDE ASSISTANCE | No Coverage |

## POLICY COVERAGE INFORMATION (Continued)

|  | COM | COL | TOW | REN | SPE |
|---|---|---|---|---|---|
| Vehicle 1 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |
| Vehicle 2 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |
| Vehicle 3 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |

## POLICY PREMIUM INFORMATION

|  | BI | PD | MED | UM | UMS | UIM | UIS | CPI | XMD |
|---|---|---|---|---|---|---|---|---|---|
| Vehicle 1 | $348.00 | $230.00 | $204.00 |  |  |  |  |  |  |
| Vehicle 2 | $300.00 | $180.00 | $226.00 |  |  |  |  |  |  |
| Vehicle 3 | $252.00 | $154.00 | $235.00 |  |  |  |  |  |  |

* If asterisk denoted next to premium above, coverage includes the Lessor Liability Endorsement (13748 / F01) with Lessor BI Limits of 100/300 and PD limit of 50.

## POLICY PREMIUM INFORMATION (continued)

|  | INC | FUN | ACC | COM | COL | TOW | RA | REN | SPE | VEHICLE TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Vehicle 1 |  |  |  |  |  |  |  |  |  | $792.00 |
| Vehicle 2 |  |  |  |  |  |  |  |  |  | $706.00 |
| Vehicle 3 |  |  |  |  |  |  |  |  |  | $641.00 |

## PREMIUM INFORMATION

| | | | |
|---|---|---|---|
| Total Premium: | $2129.00 | Installments: | 11 |
| Prior Balance: | $0.00 | Installment Fee: | $10.00 |
| Policy Fee: | $15.00 | Installment Amount: | $187.42 |
| Down Payment: | $182.35 | Total Charges: | $2144.00 |
| Down Payment Method: | Agent EFT | | |

**Notes to Infinity**
GeneralInfo

Form Number  13751APP04

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RESFAX printed on the cover page.  Thank you.

Case ID: 121203753

Binder Number: 137-15271-3649-001

---

| APPLICANT STATEMENT: Coverage is bound only if the following section is fully completed. |

**FRAUD WARNING**

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

IN ACCORDANCE WITH APPLICABLE STATE LAW, INFINITY MAY, AT ITS DISCRETION, REJECT THE APPLICATION, RESCIND THE POLICY, LIMIT COVERAGE OR CHARGE AN INCREASE IN PREMIUM FOR WHICH YOU ARE RESPONSIBLE, IF ANY PERSON HAS (1) PROVIDED INFORMATION WHICH IS FALSE, MISLEADING, OR INACCURATE, OR (2) FAILED TO DISCLOSE INFORMATION WHICH, IF PROPERLY DISCLOSED, WOULD AFFECT INFINITY'S DECISION TO WRITE THIS POLICY OR CHANGE THE TERMS THEREOF OR THE PREMIUM CHARGED.

In connection with this application for insurance, we may review your credit report or obtain or use a credit-based insurance score based on the information contained in that credit report. We may use a third party in connection with the development of your insurance score. In connection with your application for a premium quotation, we may obtain investigative consumer reports, consumer reports, or personal or privileged information from third parties about you and all others listed on this application. We may obtain current information to calculate your renewal premium or service your insurance. It is not our policy to disclose this information to third parties without your authorization, but in certain circumstances we may do so. You have the right to access and correct all personal information collected. Upon written request, we will provide the name and address of the consumer reporting agency, more detailed information regarding our collection, use and disclosure of personal information and your rights to access and correct such information.

I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of the statements contained herein. By signing below I agree that this application becomes a part of my policy and is a legal document and I certify that:

☒Yes ☐No  1.  I have listed on this application all persons age 15 or older, licensed or not, who reside with me and all other drivers who may operate my auto(s) on a REGULAR or OCCASIONAL basis. This includes children away from home or away at school. I understand it is my obligation to report to Infinity any change in driving status for any person currently listed, added on my policy, residing in my household, or who operate my auto(s).

☒Yes ☐No  2.  My principal residence for ten (10) or more months each year and the garaging address of all listed auto(s) is the Pennsylvania address listed on this application.

☒Yes ☐No  3.  I have reported any business or commercial use of my auto(s) to the Company and agree to notify the Company prior to any future business use. I understand that the Company does not cover losses if my vehicle is being used for business or commercial purposes and those purposes are not disclosed prior to the loss.

☒Yes ☐No  4.  If I have requested coverage for damages to my auto(s) I have reported to the Company all unrepaired damage or glass breakage.

☒Yes ☐No  5.  I have completed a Physician's Statement for any listed driver who has a medical, nervous, mental or physical condition that could impair their ability to safely operate a vehicle.

I understand that:

6.  As state law allows, my policy may be rendered null and void and no coverage may be provided for an accident or claim involving:
   a) an operator of a vehicle who is specifically excluded by endorsement;
   b) an operator of a vehicle who is not listed on the declarations page and for whom no premium has been paid; and
   c) an operator of a vehicle who does not have my permission to use the vehicle.

7.  As state law allows, no coverage is provided and the policy shall be null and void from inception:
   a) if any information in this application is false, misleading, or would materially affect the policy premium or acceptance of the risk by the Company; or
   b) if my down payment or full payment is returned unpaid by the bank or financial institution it is drawn upon whether payment is by credit card, electronic funds transfer or check.

8.  The following payment rules apply to this policy:
   a) Any payment I make towards a Rewrite or a Renewal policy will first be applied towards any remaining balance I owe from the prior policy term prior to the issuance of the new term.
   b) An installment fee will be assessed for each payment other than the initial down payment.
   c) If an installment payment is received by Infinity after the payment due date, a late fee will be assessed.
   d) If my policy is rewritten with a lapse in coverage due to late payment, I will owe a Rewrite charge, and the new policy term will be written using the rates in effect at that time.

Form Number  13761APP04                                                                 Page 4

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case-ID: 121203753

09/21/2012 FRI 11:44 FAX                                                    ☒006/012

From: Pennsylvania Auto Insurance Outlet    To: 18105729104    Page: 5/11    Date: 9/21/2012 11:47:00 AM

Binder Number: 137-15371-3646-001

9.  The Custom or Additional Equipment I want covered has been declared and is listed on this application.
10. The Company will charge the appropriate premium for my policy and coverages selected in accordance with its rates filed with the state Department of Insurance. If I do not pay the correct premium developed by the Company for my policy, my policy will be cancelled for nonpayment of premium.
11. The policy I am purchasing may contain unique conditions and restrictions.  I understand it is my responsibility to fully read my policy.
12. By purchasing this policy it is my obligation to give the Company prior notification of any changes in the statements and information contained in this application. Failure to notify the Company of such changes is a misrepresentation that may materially affect the risk accepted by the Company and may render my policy null and void, in accordance with applicable state law.
13. This policy of insurance on this application is being made in the First Fifty-nine (59) days during which it is in effect, and any time thereafter, for reasons stated in the policy. If you request cancellation of the policy, or cancel for nonpayment, Infinity will calculate premium on a pro-rata basis, and a $50 cancellation fee will be charged.
14. The premium for the coverages itemized on this application are based on rates in excess of the standard rates in the Commonwealth of Pennsylvania Automobile Insurance Plan.  You understand that discounts are available for drivers who meet the requirements for restraint systems, anti-theft devices and driver improvement courses.

I fully understand the coverages for which I have applied. I understand that prior to purchasing a policy I may request a copy of the policy from the Company to review. I certify that the statements and information in this application are true and accurate. By signing below, I acknowledge that I have read the warnings and statements listed on this application.

Applicant
Signature / *William Helms*    Date 9/18/2011   Time 1:00  ☐ AM ☐ PM

---

## PRODUCER'S STATEMENT

To the best of my knowledge, all information contained herein is correct, the statements made herein are those of the applicant and all questions have been answered by the applicant. I understand coverage is not bound until the correct payment amount is submitted by the applicant and a binder number has been received from the company.

Producer: WARREN KUKISH _____    Date _____   Time _____  ☐ AM ☐ PM

Form Number  13751APP04                                                     Page 5

Case ID: 121203753

## APPLICANT ACKNOWLEDGEMENT OF POLICY FEATURES

I understand that the following acknowledgment does not change any of the provisions of the insurance contract that is the subject of this acknowledgment. I understand that this acknowledgment contains only a summary of important features and that I must refer to the insurance contract for complete coverage information and to determine all coverage decisions. By signing this form, I, the undersigned, hereby declare as follows:

I understand that my policy is a legal contract detailing the rights and obligations of both myself and the Company. I understand that it is my obligation to read my policy thoroughly.

The coverages and terms of the Low Cost Personal Auto Policy have been fully explained. I have made an informed selection based on this understanding. The Low Cost Personal Auto Policy provides at least the minimum coverages required under Pennsylvania law.

In consideration of my premium payment, I do hereby accept, for this initial term and any renewal thereafter, the policy as indicated below:

### LOW COST PERSONAL AUTO POLICY FEATURES:

#### ACKNOWLEDGMENTS

* The Low Cost Personal Auto Policy specifically addresses who may use your vehicle and under what conditions coverage will be afforded. In most cases, only those individuals and vehicles shown on the Declarations Page or endorsed on the policy prior to a loss are afforded coverage.

* I understand that it is my responsibility to report to my agent or the Company, anyone not listed on the Declarations Page who will have access to the vehicles shown on the Declarations Page for over twenty-four (24) hours (consecutive or cumulative).

* I understand that it is my responsibility to report to my agent or the Company, any newly acquired additional or replacement vehicles under the Low Cost Personal Auto Policy and that there is no automatic coverage provided. I understand that I must contact my agent or the Company to obtain immediate, temporary insurance on any newly acquired vehicles.

#### OPTIONAL - SELECTION OF THIS OPTION WILL DECREASE YOUR PREMIUM.

* Limited Comprehensive Coverage (OPTIONAL) – In order to save an extra 20% on your Comprehensive coverage, you may select this option during the quoting process. In consideration for this discount, it is agreed that the policy is amended so the definition of "Comprehensive" means only loss caused by fire, theft or breakage of glass, and the definition of "Theft" means the unlawful taking of the insured auto in its entirety during a single incident.

  ☐ Accept     ☒ Decline

* Economy Low Cost Discount (OPTIONAL) — In order to save an extra 10% on your Bodily Injury, Property Damage, Comprehensive, and Collision policy premiums, you may select this option during the quoting process. In consideration for this discount, it is agreed that the policy is amended so that unlisted drivers are not afforded coverage under the policy.

  ☐ Accept     ☒ Decline

* EFT Discount (OPTIONAL) – In order to save an extra 5% on your entire policy premium, you may select this option during the quoting process. In consideration for this discount, it is agreed that I will make all down payments and installment payments to Infinity via insured EFT.

  ☐ Accept     ☒ Decline

Please read your policy thoroughly.

X _William Khan_ signature      DATE _9/12/2011_      TIME _100_      ☑ AM   ☐ PM
APPLICANT'S SIGNATURE

Page 6

Case ID: 121203753

**NY/NJ COMMUTE/TRAVEL ACKNOWLEDGEMENT**

Do you or any members of your household commute or travel to NY/NJ more than 3 times a month?

☐ YES.   ☒ NO

X _William Holmes_    _9/12/11_    _1.00_   ☐ AM   ☐ PM
APPLICANT'S SIGNATURE           DATE              TIME

---

**REJECTION OF UNINSURED MOTORIST PROTECTION (Form 13751RUM02)**

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

X _William Holmes_    _9/12/11_    _1.00_   ☐ AM   ☐ PM
APPLICANT'S SIGNATURE           DATE              TIME

---

**REJECTION OF UNDERINSURED MOTORIST PROTECTION (Form 13751RUN02)**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

X _William Holmes_    _9/12/11_    _1.00_   ☐ AM   ☐ PM
APPLICANT'S SIGNATURE           DATE              TIME

Case ID: 121203753

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

# EXHIBIT "B"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

SIMON & SIMON, P.C.
By:   Marc I. Simon, Esq.
      Matthew Zamites, Esq.
      Joshua A. Rosen, Esq.
      Alex Kroupa, Esq.
      Daniel D'Antonio, Esq.                          *Attorneys for Plaintiff*
Attorney I.D. Nos. 201798/82140/308825/309425/312293
1515 Market Street, Suite 1910
Philadelphia, PA  19102
(215) 400-2251

| | | |
|---|---|---|
| William Holmes | : | IN THE COURT OF COMMON PLEAS |
| 1208 N. Wilton Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19131 | : | |
| | : | |
| And | : | |
| Leland Sledge | : | |
| 831 N. Hutton Street | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| | : | No. 121203753 |
| v. | : | |
| | : | |
| Infinity Indemnity Casualty Co. | : | |
| PO Box 830807 | : | Jury Trial Demanded |
| Birmingham, AL 35283 | : | |
| | : | |
| Defendant | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone:  (215) 238-1701**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.      Hace      falta      asentar      una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.      SI    NO    TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA  EN  PERSONA  O  LLAME  POR TELÉFONO    A    LA    OFICINA    CUYA DIRECCION   SE   ENCUENTRA   ESCRITA ABAJO  PARA  AVERIGUAR  DONDE  SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

### ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
### SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Teléfono:   (215) 238-1701**

## FIRST AMENDED COMPLAINT

1.   Plaintiff, William Holmes, is an adult and competent individual and resident and citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.   Plaintiff, Leland Sledge, is an adult and competent individual and resident and citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.   Defendant, Infinity Indemnity Casualty Company ("Infinity"), is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, and regularly conducts business in Philadelphia, with a business address at the address listed in the caption of this Complaint.

4.   Defendant, Infinity, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability including uninsured motorist coverage.

5.   On or about November 18, 2011, at approximately 8:45 p.m., Plaintiff, William Holmes, was the operator of a motor vehicle, with Plaintiff, Leland Sledge as a passenger, which was traveling northbound on 60th Street, at or near the intersection of Sansom Street, in Philadelphia, PA.

6.   At or about the same date and time, an unidentified tortfeasor, was the operator of an unidentified motor vehicle, which was traveling westbound on Sansom Street, at or near the aforesaid intersection and/or location of the plaintiffs' vehicle.

Case ID: 121203753

7.  At or about the same date and time, the aforesaid unidentified tortfeasor's vehicle was involved in a collision with plaintiffs' vehicle.

8.  The aforesaid motor vehicle collision was the result of the aforesaid unidentified tortfeasor, negligently, recklessly and/or carelessly, operating their vehicle in such a manner so as to disregard a stop sign and strike plaintiffs' vehicle.

9.  The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the aforesaid tortfeasor and not the result of any action or failure to act by the plaintiff.

10. As a direct result of the aforesaid motor vehicle collision, Plaintiff suffered severe and permanent injuries, and other damages as are more fully set forth below.

### COUNT I
**William Holmes v. Infinity Indemnity Casualty Company**
**Uninsured Motorist Coverage**

11. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12. The negligence, carelessness, and/or recklessness of the unidentified tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff,  consisted of, but is not limited to, the following:

a.  Disregarding a stop sign;

b.  Striking Plaintiffs' vehicle;

c.  Operating his/her vehicle into Plaintiff's lane of travel;

d.  Failing to maintain proper distance between vehicles;

e.  Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

f.   Failing to have said vehicle under proper and adequate control;

g.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h.   Violation of the assured clear distance rule;

i.   Failure to keep a proper lookout;

j.   Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

k.   Being inattentive to her duties as an operator of a motor vehicle;

l.   Disregarding traffic lanes, patterns, and other devices;

m.   Driving at a high rate of speed which was high and dangerous for conditions;

n.   Failing to remain continually alert while operating said vehicle;

o.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.   Failing to exercise ordinary care to avoid a collision;

r.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.   Operating said vehicle with disregard for the rights of Plaintiffs, even though he/she was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to them;

    t.  Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    u.  Driving too fast for conditions;

    v.  Following too closely;

    w.  Violating the Pennsylvania Vehicle Code;

    x.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

13. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the unidentified tortfeasor, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness, negligence and/or recklessness of the unidentified tortfeasor, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses for which they make a claim for payment in the present action.

18. At the time of the collision, Plaintiff, William Holmes, was the owner and operator a motor vehicle, in which Plaintiff Leland Sledge was a passenger, which was covered by a policy of insurance issued in the Commonwealth of Pennsylvania by defendant, Infinity, to plaintiff, William Holmes, which included coverage for uninsured motorist coverage under policy number 137152713648001.

19. At the time of the collision, the aforesaid policy of insurance provided for uninsured motorist coverage applicable to plaintiffs, William Holmes and Leland Sledge.

20. The aforesaid unidentified tortfeasor is a "phantom" or "unknown" vehicle and thus qualifies as an "uninsured vehicle" under Pennsylvania law and per the terms and conditions of the policy issued by defendant.

21. Accordingly, Plaintiffs hereby assert a claim against defendant, Infinity Indemnity Casualty Company for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, William Holmes demands judgment in Plaintiff's favor and against Defendant, Infinity Indemnity Casualty Company, in an amount in excess of fifty thousand dollars ($50,000), plus all other costs this Court deems proper.


### COUNT II
**Leland Sledge v. Infinity Indemnity Casualty Company**
**Uninsured Motorist Coverage**

22. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

23. The negligence, carelessness, and/or recklessness of the unidentified tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.  Disregarding a stop sign;

    b.  Striking Plaintiffs' vehicle;

    c.  Operating his/her vehicle into Plaintiff's lane of travel;

    d.  Failing to maintain proper distance between vehicles;

    e.  Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiffs or others;

    f.  Failing to have said vehicle under proper and adequate control;

    g.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    h.  Violation of the assured clear distance rule;

    i.  Failure to keep a proper lookout;

    j.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiffs or Plaintiffs' vehicle;

    k.  Being inattentive to her duties as an operator of a motor vehicle;

    l.  Disregarding traffic lanes, patterns, and other devices;

    m. Driving at a high rate of speed which was high and dangerous for conditions;

    n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiffs, even though he/she was aware or should have been aware of the presence of Plaintiffs and the threat of harm posed to them;

t.  Continuing to operate the vehicle in a direction towards the Plaintiffs' vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Driving too fast for conditions;

v.  Following too closely;

w.  Violating the Pennsylvania Vehicle Code;

x.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

24. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the unidentified tortfeasor, described above, the Plaintiffs suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiffs' great loss and detriment.

Case ID: 121203753

25.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26.  As an additional result of the carelessness, negligence and/or recklessness of the unidentified tortfeasor, Plaintiffs have suffered emotional injuries, along with the physical injuries suffered.

27.  As a further result of Plaintiffs' injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiffs' further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiffs, Plaintiffs have also incurred or will incur medical, rehabilitative and other related expenses for which they make a claim for payment in the present action.

29. At the time of the collision, Plaintiff, William Holmes, was the owner and operator a motor vehicle, in which Plaintiff Leland Sledge was a passenger, which was covered by a policy of insurance issued in the Commonwealth of Pennsylvania by defendant, Infinity, to plaintiff, William Holmes, which included coverage for uninsured motorist coverage under policy number 137152713648001.

30. At the time of the collision, the aforesaid policy of insurance provided for uninsured motorist coverage applicable to plaintiffs, William Holmes and Leland Sledge.

31. The aforesaid unidentified tortfeasor is a "phantom" or "unknown" vehicle and thus qualifies as an "uninsured vehicle" under Pennsylvania law and per the terms and conditions of the policy issued by defendant.

32. Accordingly, Plaintiffs hereby assert a claim against defendant, Infinity Indemnity Casualty Company for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, Leland Sledge demands judgment in Plaintiff's favor and against Defendant, Infinity Indemnity Casualty Company, in an amount in excess of fifty thousand dollars ($50,000), plus all other costs this Court deems proper.

**COUNT III**
**William Holmes v. Infinity Indemnity Casualty Company**
**Bad Faith**

33. Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

34. At all times material hereto, plaintiff was a named insured and/or otherwise insured under a policy of motor vehicle insurance issued by the defendant.

35. At all times material hereto, the policy of motor vehicle insurance issued by the defendant to plaintiff William Holmes, under which plaintiff demands UM coverage, contained an invalid rejection of UM coverage. *See*, Exhibit "A".

36. The form of the rejection of UM coverage, which was provided by the defendant, is invalid and in violation of 75 Pa.C.S.A. § 1731(c.1) in that the rejection of UM coverage appears on the same sheet of paper as the rejection of UIM coverage.

37. As a consequence, under Pennsylvania law the plaintiff is entitled to UM coverage in an amount equal to the bodily injury liability limits.

38. On or about October 2012, plaintiff requested UM benefits from the defendant.

39. On October 24, 2012, defendant denied the plaintiff's request for UM benefits, citing as a reason for the denial the invalid UM rejection form. *See*, Exhibit "A".

40. Defendant knew, or reasonably should have known that the UM rejection form on which it based its denial of UM benefits to the plaintiff was invalid under Pennsylvania law.

41. Despite the above defendant persists in its unlawful denial of UM benefits to the plaintiff.

42. Defendant has thus failed to pay the plaintiff's UM claim and has no reasonable basis for doing so.

43. Defendant's actions constitute bad faith under 42 Pa.C.S.A. §8371.

WHEREFORE, plaintiff William Holmes, demands judgment in his favor against the defendant in an amount in excess of $50,000, plus statutory interest, punitive damages, and attorney's fees in accordance with 42 Pa.C.S.A. §8371, as well as costs and other relief which this court deems just.

## COUNT IV
### Leland Sledge v. Infinity Indemnity Casualty Company
### Bad Faith

44. Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

45. At all times material hereto, plaintiff was a named insured and/or otherwise insured under a policy of motor vehicle insurance issued by the defendant.

46. At all times material hereto, the policy of motor vehicle insurance issued by the defendant to plaintiff William Holmes, which plaintiff Leland Sledge was a passenger in his vehicle, under which plaintiff demands UM coverage, contained an invalid rejection of UM coverage. *See*, Exhibit "A".

47. The form of the rejection of UM coverage, which was provided by the defendant, is invalid and in violation of 75 Pa.C.S.A. § 1731(c.1) in that the rejection of UM coverage appears on the same sheet of paper as the rejection of UIM coverage.

48.  As a consequence, under Pennsylvania law the plaintiff is entitled to UM coverage in an amount equal to the bodily injury liability limits.

49.  On or about October 2012, plaintiff requested UM benefits from the defendant.

50. On October 24, 2012. defendant denied the plaintiff's request for UM benefits, citing as a reason for the denial the invalid UM rejection form.*See,* Exhibit "A".

51. Defendant knew, or reasonably should have known that the UM rejection form on which it based its denial of UM benefits to the plaintiff was invalid under Pennsylvania law.

52. Despite the above defendant persists in its unlawful denial of UM benefits to the plaintiff.

53. Defendant has thus failed to pay the plantiff's UM claim and has no reasonable basis for doing so.

54. Defendant's actions constitute bad faith under 42 Pa.C.S.A. §8371.

WHEREFORE, plaintiff Leland Sledge, demands judgment in his favor against the defendant in an amount in excess of $50,000, plus statutory interest, punitive damages, and attorney's fees in accordance with 42 Pa.C.S.A. §8371, as well as costs and other relief which this court deems just.

SIMON & SIMON, P.C.

_____
                   /s

Simon & Simon, P.C.
Marc I. Simon, Esquire
Matthew Zamites, Esquire
Joshua Rosen, Esquire
Alexander Kroupa, Esquire
Daniel D'Antonio, Esquire
1515 Market St., Ste. 1910
Philadelphia, PA 19102
(215) 400-2251

Case ID: 121203753

## VERIFICATION

    I, William Holmes, hereby state that I am the Plaintiff in the within action and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*William Holmes, Plaintiff*

Dated: _1/6/2013_____

## <u>VERIFICATION</u>

I, Leland Sledge, hereby state that I am the Plaintiff in the within action and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_Leland Sledge_
Leland Sledge, Plaintiff

Dated: _1 / 4 / 13_

# EXHIBIT "A"

**EXHIBIT "A"**

Case ID: 121203753
Case ID: 121203753



## INFINITY.
### JUST GREAT CAR INSURANCE!

## FAX COVER SHEET
### FAX NUMBER: (610) 572-9104

From:
~~ATTENTION:~~

Brian Sand

Att:
~~FROM:~~

Marc Simon

**DATE:**

9/21/12

**FAX:**

267-639-9006

**PAGES (INCLUDING COVER):**

**RE:**

William Holmes

**MESSAGE:**

Policy App / Waivers

William Holmes

Binder Number: 137-15271-3648-001

## Pennsylvania
### INFINITY LOW COST

# AUTO APPLICATION

Infinity Indemnity Insurance Company
P.O.Box 830189
Birmingham, AL 35283-0189 / 1-800-782-1020

BINDER NUMBER:   137-15271-3648-001
VERSION:   8.11   10/11/2010

### APPLICANT INFORMATION

| | |
|---|---|
| Name: | William Holmes |
| Address: | 1208 n Wilton Street |
| City/State/Zip: | Philadelphia, PA 19131 |
| Home Phone: 215-668-8047 | Work Phone: |
| E-mail Address: | |
| SSN: | |

### PRODUCER INFORMATION

Producer Code: 13751-32704

| | |
|---|---|
| Name: | PA Auto Insurance Outlet Corp |
| Address: | 4901 FRANKFORD AVE |
| City/State/Zip: | PHILADELPHIA PA 191242617 |
| Phone: | 2157443900    Fax: 2157444119 |

### GENERAL INFORMATION

| TERM | EFFECTIVE DATE | EFFECTIVE TIME | EXPIRATION DATE | EXPIRATION TIME |
|---|---|---|---|---|
| 12 Months | 10/03/2011 | 12:01:00 AM | 10/03/2012 | 12:01:00 AM |

## PREVIOUS INSURANCE INFORMATION

| PREVIOUS CARRIER | POLICY NUMBER | LIMITS | EXPIRATION DATE |
|---|---|---|---|
| AMERICAN INDEPENDENT | | Equal to 15/30 | 02/16/2012 |

## DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION
All persons age 15 and older, LICENSED OR NOT, who reside with the applicant, and any other drivers of the vehicle(s) on this application.

| DRV NO | DRIVER/RESIDENT | DATE OF BIRTH | GENDER | MARITAL STATUS | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| 1 | William Holmes | 08/08/1950 | M | Single | |
| 2 | Michael Rose | 11/22/1989 | F | Single | |
| 3 | Laurie Blaha | 11/22/1989 | F | Single | |
| 4 | Shanidah Potter | 05/16/1989 | F | Single | |

## DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION (continued)

| DRV NO | DRIVER/RESIDENT | DRIVER'S LICENSE NUMBER | MONTHS EXPERIENCE | CURRENT STATE LICENSED | LICENSE STATUS | POINTS |
|---|---|---|---|---|---|---|
| 1 | William Holmes | 26019914 | 08/06/1950 | PA | Active | 0 |
| 2 | Michael Rose | Do Not Insure | 11/22/2005 | PA | Active | 0 |
| 3 | Laurie Blaha | Do Not Insure | 11/22/2005 | PA | Active | 0 |
| 4 | Shanidah Potter | Do Not Insure | 05/16/2005 | PA | Active | 0 |

## DRIVER(S) AND/OR RESIDENT(S) OF HOUSEHOLD INFORMATION (continued)

| DRV NO | DRIVER/RESIDENT | RELATIONSHIP TO APPLICANT | RESIDENCY STATUS | DRIVING STATUS |
|---|---|---|---|---|
| 1 | William Holmes | Self | Resident | Insure |
| 2 | Michael Rose | Other | Resident | Do Not Insure |
| 3 | Laurie Blaha | Other | Resident | Do Not Insure |
| 4 | Shanidah Potter | Other | Resident | Do Not Insure |

## VEHICLE INFORMATION

| VEH | YEAR | MAKE | MODEL | DESCRIPTION | VEHICLE IDENTIFICATION NUMBER (VIN) | LEASED |
|---|---|---|---|---|---|---|
| 1 | 2001 | FORD | ECONOLIN | ECONOLINE E250 VAN 4X2 | 1FTNE24231HB10297 | No |
| 2 | 1998 | MERC | GR MARQS | GRAND MARQUIS LS/LTD 4DR | 2MEFM75W1WX661789 | No |
| 3 | 1995 | FORD | WINDSTAR | WINDSTAR GL/LX WAGON 4X2 | 2FMDA5141SBD06868 | No |

Form Number 13751APP04

Page 1

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case ID: 121203753

Binder Number: 137-18271-3848-001

## VEHICLE GARAGING INFORMATION

| VEH | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| 1 | 1208 n Wilton Street | Philadelphia | PA | 19131 |
| 2 | 1208 n Wilton Street | Philadelphia | PA | 19131 |
| 3 | 1208 n Wilton Street | Philadelphia | PA | 19131 |

## POINT DEVELOPMENT
All accidents, violations, and claims over the last 35 months, both chargeable and not chargeable must be disclosed.

| DRV NO | VIOLATION DATE | CHARGEABLE | DESCRIPTION OF VIOLATION |
|---|---|---|---|
| 1 | 09302009 | Yes | Improper Turn/U-turn |
| 1 | 01012009 | No | Suspension or License Revocation (NC) |
| 1 | 04132009 | No | Suspension or License Revocation (NC) |

## LIENHOLDER / LESSOR INFORMATION

| VEH | INTEREST | NAME | ADDRESS | PHONE NUMBER | ACCOUNT NUMBER |
|---|---|---|---|---|---|
| | | | | | |

## CUSTOM OR ADDITIONAL EQUIPMENT
You have requested coverage for the following nonstandard features of your vehicle. Custom or Additional Equipment is excluded from Physical Damage coverage unless specifically listed below and premium is paid.

| VEH | VALUE OF EACH | DATE OF PURCHASE | DESCRIPTION OF EACH ITEM | WHERE PURCHASED |
|---|---|---|---|---|
| | | | | |

## PREMIUM DISCOUNTS/SURCHARGES INFORMATION

| APPLIED TO: | DISCOUNT/SURCHARGE DESCRIPTIONS |
|---|---|
| POLICY | Multi-car / Homeowner / Lmtd_tort / Advanced / |
| VEHICLE 1 | Air_bag2-D / |
| VEHICLE 2 | Air_bag2-D / |
| VEHICLE 3 | Air_bag2-D / |
| DRIVER 1 | |

Form Number 13751APP04

Page 2

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case ID: 121203753

Binder Number: 137-15271-0040-001

## POLICY COVERAGE INFORMATION

| COVERAGE | LIMITS |
|---|---|
| TORT OPTION | Limited |
| BODILY INJURY | $15000 each person  /  $30000 each accident |
| PROPERTY DAMAGE | $5000 each accident |
| MEDICAL PAYMENTS | $5000 limit |
| UNINSURED MOTORIST BI UNSTACKED | No Coverage |
| UNINSURED MOTORIST BI STACKED | No Coverage |
| UNDERINSURED MOTORIST BI UNSTACKED | No Coverage |
| UNDERINSURED MOTORIST BI STACKED | No Coverage |
| COMBINED PERSONAL INJURY | No Coverage |
| EXTRAORDINARY MEDICAL BENEFITS | No Coverage |
| INCOME LOSS BENEFITS | No Coverage |
| FUNERAL BENEFITS | No Coverage |
| ACCIDENTAL DEATH | No Coverage |
| ROADSIDE ASSISTANCE | No Coverage |

## POLICY COVERAGE INFORMATION (Continued)

|  | COM | COL | TOW | REN | SPE |
|---|---|---|---|---|---|
| Vehicle 1 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |
| Vehicle 2 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |
| Vehicle 3 | No Coverage | No Coverage | No Coverage | No Coverage | No Coverage |

## POLICY PREMIUM INFORMATION

|  | BI | PD | MED | UM | UMS | UIM | UIS | CPI | XMD |
|---|---|---|---|---|---|---|---|---|---|
| Vehicle 1 | $348.00 | $230.00 | $204.00 | | | | | | |
| Vehicle 2 | $300.00 | $180.00 | $226.00 | | | | | | |
| Vehicle 3 | $252.00 | $154.00 | $235.00 | | | | | | |

* If asterisk denoted next to premium above, coverage includes the Lessor Liability Endorsement (13740I FD1) with Lessor BI Limits of 100/300 and PD limit of 50.

## POLICY PREMIUM INFORMATION (continued)

|  | INC | FUN | ACC | COM | COL | TOW | RA | REN | SPE | VEHICLE TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Vehicle 1 | | | | | | | | | | $782.00 |
| Vehicle 2 | | | | | | | | | | $706.00 |
| Vehicle 3 | | | | | | | | | | $641.00 |

## PREMIUM INFORMATION

| Total Premium: | $2129.00 | Installments: | 11 |
|---|---|---|---|
| Prior Balance: | $0.00 | Installment Fee: | $10.00 |
| Policy Fee: | $15.00 | Installment Amount: | $187.42 |
| Down Payment: | $192.35 | Total Charges: | $2144.00 |
| Down Payment Method: | Agent EFT | | |

**Notes to Infinity**
GeneralInfo

Form Number  13751APP04

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page.  Thank you.

Case ID: 121203753

Binder Number: 137-19271-3648-001

---

**APPLICANT STATEMENT: Coverage is bound only if the following section is fully completed.**

---

### FRAUD WARNING

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION OR CONCEALS FOR THE PUPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

IN ACCORDANCE WITH APPLICABLE STATE LAW, INFINITY MAY, AT ITS DISCRETION, REJECT THE APPLICATION, RESCIND THE POLICY, LIMIT COVERAGE OR CHARGE AN INCREASE IN PREMIUM FOR WHICH YOU ARE RESPONSIBLE, IF ANY PERSON HAS (1) PROVIDED INFORMATION WHICH IS FALSE, MISLEADING, OR INACCURATE, OR (2) FAILED TO DISCLOSE INFORMATION WHICH, IF PROPERLY DISCLOSED, WOULD AFFECT INFINITY'S DECISION TO WRITE THIS POLICY OR CHANGE THE TERMS THEREOF OR THE PREMIUM CHARGED.

In connection with this application for insurance, we may review your credit report or obtain or use a credit-based insurance score based on the information contained in that credit report. We may use a third party in connection with the development of your insurance score. In connection with your application for a premium quotation, we may obtain investigative consumer reports, consumer reports, or personal or privileged information from third parties about you and all others listed on this application. We may obtain current information to calculate your renewal premium or service your insurance. It is not our policy to disclose this information to third parties without your authorization, but in certain circumstances we may do so. You have the right to access and correct all personal information collected. Upon written request, we will provide the name and address of the consumer reporting agency, more detailed information regarding our collection, use and disclosure of personal information and your rights to access and correct such information.

I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of the statements contained herein. By signing below I agree that this application becomes a part of my policy and is a legal document and I certify that:

☒Yes ☐No  1.  I have listed on this application all persons age 15 or older, licensed or not, who reside with me and all other drivers who may operate my auto(s) on a REGULAR or OCCASIONAL basis. This includes children away from home or away at school. I understand it is my obligation to report to Infinity any change in driving status for any person currently listed, added on my policy, residing in my household, or who operates my auto(s).

☒Yes ☐No  2.  My principal residence for ten (10) or more months each year and the garaging address of all listed auto(s) is the Pennsylvania address listed on this application.

☒Yes ☐No  3.  I have reported any business or commercial use of my auto(s) to the Company and agree to notify the Company prior to any future business use. I understand that the Company does not cover losses if my vehicle is being used for business or commercial purposes and those purposes are not disclosed prior to the loss.

☒Yes ☐No  4.  If I have requested coverage for damages to my auto(s) I have reported to the Company all unrepaired damage or glass breakage.

☒Yes ☐No  5.  I have completed a Physician's Statement for any listed driver who has a medical, nervous, mental or physical condition that could impair their ability to safely operate a vehicle.

I understand that:

6.  As state law allows, my policy may be rendered null and void and no coverage may be provided for an accident or claim involving:
    a) an operator of a vehicle who is specifically excluded by endorsement;
    b) an operator of a vehicle who is not listed on the declarations page and for whom no premium has been paid; and
    c) an operator of a vehicle who does not have my permission to use the vehicle.

7.  As state law allows, no coverage is provided and the policy shall be null and void from inception:
    a) if any information in this application is false, misleading, or would materially affect the policy premium or acceptance of the risk by the Company; or
    b) if my down payment or full payment is returned unpaid by the bank or financial institution it is drawn upon whether payment is by credit card, electronic funds transfer or check.

8.  The following payment rules apply to this policy:
    a) Any payment I make towards a Rewrite or a Renewal policy will first be applied towards any remaining balance I owe from the prior policy term prior to the issuance of the new term.
    b) An installment fee will be assessed for each payment other than the initial down payment.
    c) If an installment payment is received by Infinity after the payment due date, a late fee will be assessed.
    d) If my policy is rewritten with a lapse in coverage due to late payment, I will owe a Rewrite charge, and the new policy term will be written using the rates in effect at that time.

Form Number  13781APP04                                                                                   Page 4

---

Case ID: 121203753

Binder Number: 137-10271-3848-001

9.  The Custom or Additional Equipment I want covered has been declared and is listed on this application.
10. The Company will charge the appropriate premium for my policy and coverages selected in accordance with its rates filed with the state Department of Insurance. If I do not pay the correct premium developed by the Company for my policy, my policy will be cancelled for nonpayment of premium.
11. The policy I am purchasing may contain unique conditions and restrictions. I understand it is my responsibility to fully read my policy.
12. By purchasing this policy it is my obligation to give the Company prior notification of any changes in the statements and information contained in this application. Failure to notify the Company of such changes is a misrepresentation that may materially affect the risk accepted by the Company and may render my policy null and void, in accordance with applicable state law.
13. This policy of insurance for which this application is being made may be cancelled with cause at the option of the insurer at any time in the First Fifty-nine (59) days during which it is in effect, and any time thereafter, for reasons stated in the policy. If you request cancellation of the policy, or cancel for nonpayment, Infinity will calculate premium on a pro-rata basis, and a $50 cancellation fee will be charged.
14. The premium for the coverages itemized on this application are based on rates in excess of the standard rates in the Commonwealth of Pennsylvania Automobile Insurance Plan. You understand that discounts are available to drivers who meet the requirements for restraint systems, anti-theft devices and driver improvement courses.

I fully understand the coverages for which I have applied. I understand that prior to purchasing a policy I may request a copy of the policy from the Company to review. I certify that the statements and information in this application are true and accurate. By signing below, I acknowledge that I have read the warnings and statements listed on this application.

Applicant Signature / _William Helson_   Date _9/12/201_ Time _8:00_  ☐ AM ☐ PM

---

## PRODUCER'S STATEMENT

To the best of my knowledge, all information contained herein is correct, the statements made herein are those of the applicant and all questions have been answered by the applicant. I understand coverage is not bound until the correct payment amount is submitted by the applicant and a binder number has been received from the company.

Producer: WARREN KUKISH _____    Date _____   Time _____   ☐ AM ☐ PM

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page.  Thank you.

Case ID: 121203753

## APPLICANT ACKNOWLEDGEMENT OF POLICY FEATURES

I understand that the following acknowledgment does not change any of the provisions of the insurance contract that is the subject of this acknowledgment. I understand that this acknowledgment contains only a summary of important features and that I must refer to the insurance contract for complete coverage information and to determine all coverage decisions. By signing this form, I, the undersigned, hereby declare as follows:

I understand that my policy is a legal contract detailing the rights and obligations of both myself and the Company. I understand that it is my obligation to read my policy thoroughly.

The coverages and terms of the Low Cost Personal Auto Policy have been fully explained. I have made an informed selection based on this understanding. The Low Cost Personal Auto Policy provides at least the minimum coverages required under Pennsylvania law.

In consideration of my premium payment, I do hereby accept, for this initial term and any renewal thereafter, the policy as indicated below:

**LOW COST PERSONAL AUTO POLICY FEATURES:**

**ACKNOWLEDGMENTS**

* The Low Cost Personal Auto Policy specifically addresses who may use your vehicle and under what conditions coverage will be afforded. In most cases, only those individuals and vehicles shown on the Declarations Page or endorsed on the policy prior to a loss are afforded coverage.

* I understand that it is my responsibility to report to my agent or the Company, anyone not listed on the Declarations Page who will have access to the vehicles shown on the Declarations Page for over twenty-four (24) hours (consecutive or cumulative).

* I understand that it is my responsibility to report to my agent or the Company, any newly acquired additional or replacement vehicles under the Low Cost Personal Auto Policy and that there is no automatic coverage provided. I understand that I must contact my agent or the Company to obtain immediate, temporary insurance on any newly acquired vehicles.

**OPTIONAL - SELECTION OF THIS OPTION WILL DECREASE YOUR PREMIUM.**

* **Limited Comprehensive Coverage (OPTIONAL)** – In order to save an extra 20% on your Comprehensive coverage, you may select this option during the quoting process. In consideration for this discount, it is agreed that the policy is amended so the definition of "Comprehensive" means only loss caused by fire, theft or breakage of glass, and the definition of "Theft" means the unlawful taking of the insured auto in its entirety during a single incident.

  ☐ Accept      ☒ Decline

* **Economy Low Cost Discount (OPTIONAL)** – In order to save an extra 10% on your Bodily Injury, Property Damage, Comprehensive, and Collision policy premiums, you may select this option during the quoting process. In consideration for this discount, it is agreed that the policy is amended so that unlisted drivers are not afforded coverage under the policy.

  ☐ Accept      ☒ Decline

* **EFT Discount (OPTIONAL)** – In order to save an extra 5% on your entire policy premium, you may select this option during the quoting process. In consideration for this discount, it is agreed that I will make all down payments and installment payments to Infinity via insured EFT.

  ☐ Accept      ☒ Decline

**Please read your policy thoroughly.**

X _William (illegible)_          9/12/2011      100      ☑ AM   ☐ PM
APPLICANT'S SIGNATURE                DATE          TIME

Page 6

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

**NY/NJ COMMUTE/TRAVEL ACKNOWLEDGEMENT**

Do you or any members of your household commute or travel to NY/NJ more than 3 times a month?

☐ YES.     ☒ NO

X _William Holmes_     9/12/11     1.00     ☐ AM    ☐ PM
   APPLICANT'S SIGNATURE          DATE              TIME

---

**REJECTION OF UNINSURED MOTORIST PROTECTION (Form 13751RUM02)**

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

X _William Holmes_     9/12/11     1:00     ☐ AM    ☐ PM
   APPLICANT'S SIGNATURE          DATE              TIME

---

**REJECTION OF UNDERINSURED MOTORIST PROTECTION (Form 13751RUI02)**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

X _William Holmes_     9/16/11     1:00     ☐ AM    ☐ PM
   APPLICANT'S SIGNATURE          DATE              TIME

Case ID: 121203753

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

**TORT FORM**

**NOTICE TO NAMED INSUREDS**

A.  "Limited Tort" Option: The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other non-monetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

The premium on this policy for basic coverage as required by law under this "limited tort" option is $2129.

Additional coverages under this option are available at additional cost.

B.  "Full Tort" Option: The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance under which you maintain an unrestricted right for your and other members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensations for pain and suffering and other non-monetary damages as a result of injuries caused by other drivers.

The premium on this policy for basic coverage as required by law under this "full tort" option is $3306.

Additional coverages under this option are available at additional cost.

C.  You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D.  If you wish to choose the "limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described is paragrah B and you will be charged the "full tort" premium.

☒  I wish to choose the "limited tort" option described in paragraph A:

Applicant
Signature: X _William Johnson_    Date 9/12/11    Time 1.00    ☐ AM ☐ PM

☐  I wish to choose the "full tort" option described in paragraph B:

Applicant
Signature: _____    Date _____    Time _____    ☐ AM ☐ PM

Form Number  13751TOF01

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case ID: 121203753

## IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse, or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle.

1. Medical benefits, up to at least $100,000.

    1.1 Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

2. Income Loss Benefits up to at least $2,500 per month up to a maximum benefit of at least $50,000.

3. Accidental death benefits, up to at least $25,000.

4. Funeral benefits, $2,500.

5. As an alternative to paragraphs (1) through (4), a combination of benefits, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first subject to a limit on accidental death benefit up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be constructed to limit, reduce, modify or change the provisions of section 1715(d) (relating to the availability of adequate limits).

6. Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for the coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or on your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected

You may be eligible for discounts mandated by Act 6 of 1990: i) on first-party benefits coverage if your car is equipped with a passive restraint system; ii) on other than collision coverage if your car is equipped with a passive anti-theft device; or iii) if all named insureds are 55 or older and have successfully completed a motor vehicle driver improvement course approved by Penn DOT. See your agent for details.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company. If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

Applicant Signature: X _William Klein_      Date 9/12/11   Time 1:00   ☐ AM ☐ PM

Form Number  1375 1NNT01

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page. Thank you.

Case ID: 121203753

**www.infinityauto.com**
Customer Service Phone: (800)782-1020
Customer Service Fax: (800)782-2218

| | | |
|---|---|---|
| To:   Infinity Low Cost | Agency:   PA Auto Insurance Outlet Corp | |
| Fax:  (800)782-2218 | Phone:   2157443900 | |
| Sender: | RE: New Policy Fax | |
| Policy Number:   13/-15271-3648-001 | Date: Uploaded on 09/12/2011 12:08:44 PM CDT | |
| Named Insured:  William Holmes | Pages: | |

**These documents should be faxed along with this cover sheet within 72 hours of the policy upload:**

☐   Proof of Homeownership

Comments: _____

_____

_____

Form:  CMNFAX01

——————————————— **Do Not Write Below This Line** ———————————————

If fax not available, mail to:

Infinity Insurance Company
3700 Colonnade Parkway
Birmingham, AL 34243



Page 21

This fax was sent with GFI FAXmaker fax server. If this document is difficult to read please fax it back to 215.744.4119 with RE-FAX printed on the cover page.  Thank you.

OPA Website: Property Data

Page 1 of 1



# The Office of Property Assessment

| Property Location | |
|---|---|
| Address: | 1208 N WILTON ST |
| Unit Number: | |
| Zip Code: | 19131-4329 |
| Zoning: | |
| Zoning Description: | |

| Owner Information | |
|---|---|
| Owner(s): | HOLMES WILLIAM |
| Account Number: | 442310100 |
| Mailing Address: | HOLMES WILLIAM, 1208 N WILTON ST |
| | Philadelphia |
| | PA, 19131-4329 |

| Property Characteristics | |
|---|---|
| Land Area: | 960 SqFt |
| Improvement Description: | ROW 2 STY MASONRY |
| Improvement Area: | 1260 SqFt |
| Beginning Point: | 85' N OF GIRARD AVE |
| Exterior Condition: | Average |

| Certified Values for 2011 | |
|---|---|
| Market Value: | $16,500 |
| Assessed Land (Taxable): | $711 |
| Assessed Improvement (Taxable): | $4,569 |
| Assessed Land (Exempt): | $0 |
| Assessed Improvement (Exempt): | $0 |
| Total Assessment: | $5,280 |

| Sale Information | |
|---|---|
| Sale Date: | 2/2/2001 |
| Sale Price: | $6,000 |

| Tax Information | |
|---|---|
| Real Estate Tax: | $479.53 |

| | | | Proposed Values | | | | |
|---|---|---|---|---|---|---|---|
| Year | Market Value | Assessed Land (Taxable) | Assessed Land (Exempt) | Assessed Improvement (Taxable) | Assessed Improvement (Exempt) | Total Assessment | Gross Tax |
| 2012 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $498.01 |

| | | | Certified Values | | | | |
|---|---|---|---|---|---|---|---|
| Year | Market Value | Assessed Land (Taxable) | Assessed Land (Exempt) | Assessed Improvement (Taxable) | Assessed Improvement (Exempt) | Total Assessment | Gross Tax |
| 2011 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $479.53 |
| 2010 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $436.34 |
| 2009 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $436.34 |
| 2008 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $436.34 |
| 2007 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $436.34 |
| 2006 | $16,500 | $711 | $0 | $4,569 | $0 | $5,280 | $436.34 |

© 2006 Office of Property Assessment. All Rights Reserved

# EXHIBIT "C"

## Darlington, Chester F.

**From:** Darlington, Chester F.

**Sent:** Tuesday, January 29, 2013 11:42 AM

**To:** 'marcsimon@simonpc.com'

**Subject:** William Holmes & Leland Sledge vs. Infinity Indemnity

**Attachments:** Stipulation.pdf

Marc,

Please advise if you are willing to cap each plaintiff's recovery in this case at $75,000.  I attach a stipulation hereto.  Please let me know by Thursday morning, at which time I intend to file a notice of removal.  Thank you.



**Chester F. Darlington**
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor ☐ Philadelphia, PA 19103
phone: (215) 665-3363 ☐ fax: (215) 561-6661
website | bio | v-card | map | email

This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

| | | |
|---|---|---|
| WILLIAM HOLMES | : | COURT OF COMMON PLEAS |
| and | : | PHILADELPHIA COUNTY |
| LELAND SLEDGE | : | |
| | : | |
| v. | : | NO. 121203753 |
| | : | |
| INFINITY INDEMNITY AND | : | |
| CASUALTY COMPANY | : | |

## STIPULATION AND AGREEMENT

Plaintiffs and defendant Infinity Indemnity Insurance Company (incorrectly identified by plaintiffs as "Infinity Indemnity and Casualty Company"), by and through undersigned counsel, hereby enter the following stipulation and agreement:

**Whereas**, plaintiffs filed the above-captioned lawsuit in the Court of Common Pleas of Philadelphia County;

**Whereas**, defendant stated its intention to file a timely removal of this matter to the United States District Court for the Eastern District of Pennsylvania; and

**Therefor**, intending to be legally bound, plaintiffs and defendant stipulate and agree as follows:

1. Each individual plaintiff's recovery in this case, inclusive of all counts of the complaint, shall not exceed the sum of seventy-five thousand dollars ($75,000.00) inclusive of compensatory damages, contract damages, interest, costs, statutory damages, punitive damages and attorney's fees and any award, verdict or judgment entered in this matter shall be molded accordingly. This includes all causes of action currently pled and which could have been pled; and

2. The parties agree that the above-captioned matter shall remain in the Court of Common Pleas of Philadelphia County and that the defendant will not file a notice

of removal.

**Simon and Simon, P.C.**                    **Bennett, Bricklin and Saltzburg, LLC**

_____                 _____
Marc Simon, Esquire                           Chester F. Darlington, Esq.
Attorney for Plaintiffs                       Attorney for Defendant

Date:                                         Date: