IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HOLMES and LELAND SLEDGE | : : : |
| v. | : : No. 13-cv-578 |
| INFINITY INDEMNITY CASUALTY COMPANY | : : : : |

**DEFENDANT INFINITY INDEMNITY INSURANCE COMPANY'S (INCORRECTLY DESIGNATED AS "INFINITY INDEMNITY CASUALTY COMPANY") ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Infinity Indemnity Insurance Company (incorrectly designated by plaintiffs as "Infinity Indemnity Casualty Company") (hereinafter "defendant") respectfully submits its answer with affirmative defenses to plaintiffs' amended complaint, and in support thereof avers as follows:

1. Admitted in part, denied in part. The averments regarding the identity, address and citizenship status of the plaintiff are admitted. As to the averments regarding competency, after reasonable investigation defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied, and strict proof is demanded at the time of trial if deemed relevant.

2. Admitted in part, denied in part. The averments regarding the identity, address and citizenship status of the plaintiff are admitted. As to the averments regarding competency, after reasonable investigation, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied, and strict proof is demanded at the time of trial if deemed relevant.

3. Denied. To the contrary, the correct defendant is Infinity Indemnity Insurance Company, which is authorized to conduct business in the Commonwealth of Pennsylvania and has a place of business located at 2555 East 55th Place, Suite 209, Indianapolis, Indiana 46220.

4. Denied as stated. The averments "at all times material hereto" are impermissibly vague as to enable a response, therefore the averments are denied. By way of further response, on November 18, 2011, defendant was an insurance company and was authorized to conduct business in the Commonwealth of Pennsylvania as an automobile insurer, including issuing policies that offered coverages such as bodily injury liability coverage and UM/UIM coverage.

5. Denied. After reasonable investigation, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments in this paragraph, therefore the averments are denied, and strict proof is demanded at the time of trial if deemed relevant. By way of further response, Leland Sledge is not listed on the police report as being a passenger in the vehicle allegedly driven by William Holmes. The police reported stated that there were no injuries. Moreover, and despite multiple requests from defendant, plaintiffs did not provide to defendant recorded statements about the accident. Furthermore, Mr. Holmes did not report the accident to defendant for around ten days and until November 28, 2011.

6. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

7. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

8. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

9. Denied. To the contrary, defendant incorporates the averments in paragraph 5

above as if fully stated at length herein.

10. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

## COUNT I - UM COVERAGE
## WILLIAMS HOLMES VS. DEFENDANT

11. Defendant incorporates the averments in paragraphs 1-10 above as if fully stated at length herein.

12.(including subparts a through x inclusive). Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

13. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

14. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

15. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

16. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

17. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

18. Admitted in part, denied in part. It is admitted that defendant issued to named insured William Holmes a policy of automobile insurance bearing number 137-15271-3648-001 with a policy period of October 3, 2011 to October 3, 2012 and that the policy was in full force

and effect on November 18, 2011. It is admitted that the policy contained uninsured motorist coverage. As to the averments that there was a collision whereby Williams Holmes was driving a vehicle in which Leland Sledge was a passenger, the averments are denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

19. Denied as stated. Defendant incorporates the averments in paragraph 18 above as if fully stated at length herein.

20. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

21. Denied. The averments in this paragraph are conclusion of law for which no response is required. To the extent that a response is required, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein. By way of further response, defendant incorporates the averments in paragraph 3 above as if fully stated at length herein.

**WHEREFORE**, defendant demands judgment in its favor and against the plaintiffs and that the court award defendant its costs, fees and any other relief that the court deems just and/or equitable.

### COUNT II - UM COVERAGE
### LELAND SLEDGE VS. DEFENDANT

22. Defendant incorporates the averments in paragraphs 1-21 above as if fully stated at length herein.

23.(including subparts a through x inclusive). Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

24. Denied. To the contrary, defendant incorporates the averments in paragraph 5

above as if fully stated at length herein.

25. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

26. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

27. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

28. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

29. Admitted in part, denied in part. It is admitted that defendant issued to named insured William Holmes a policy of automobile insurance bearing number 137-15271-3648-001 with a policy period of October 3, 2011 to October 3, 2012 and that the policy was in full force and effect on November 18, 2011. It is admitted that the policy contained uninsured motorist coverage. As to the averments that there was a collision whereby Williams Holmes was driving a vehicle in which Leland Sledge was a passenger, the averments are denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

30. Denied as stated. Defendant incorporates the averments in paragraph 29 above as if fully stated at length herein.

31. Denied. To the contrary, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

32. Denied. The averments in this paragraph are conclusion of law for which no response is required. To the extent that a response is required, defendant incorporates the

averments in paragraph 5 above as if fully stated at length herein. By way of further response, defendant incorporates the averments in paragraph 3 above as if fully stated at length herein.

**WHEREFORE**, defendant demands judgment in its favor and against the plaintiffs and that the court award defendant its costs, fees and any other relief that the court deems just and/or equitable.

**COUNT III - BAD FAITH**
**WILLIAM HOLMES VS. DEFENDANT**

33. Defendant incorporates the averments in paragraphs 1-32 above as if fully stated at length herein.

34. Denied as stated. The averments "at all times material hereto" are impermissibly vague as to enable a response, therefore the averments are denied. Defendant incorporates the averments in paragraph 18 above as if fully stated at length herein.

35. Denied as stated. The averments "at all times material hereto" are impermissibly vague as to enable a response, therefore the averments are denied. As to the remainder of the averments, they are admitted with the exception that Exhibit "A" contains other documents in addition to the waiver.

36. Admitted in part, denied in part. It is admitted that the waiver signed by William Holmes was invalid. The averment that defendant violated the averred statute is a conclusion of law for which no response is required. By way of further response it is denied that the waiver was used in bad faith or that defendant committed bad faith. To the contrary, defendant incorporates the averments in paragraph 5 as if fully stated at length hereto and on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy.

37. Admitted in part, denied in part. It is admitted that the policy provides UM coverage. To the extent that the averments in this paragraph state or infer that plaintiffs UM claim is valid and payable, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein. Moreover, plaintiffs have not communicated to defendant their demand or all of their claimed medical bills.

38. Admitted. By way of further response, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein. By way of further response it is denied that the waiver, or that defendant's conduct, was bad faith.

39. Admitted, with the exception that Exhibit "A" does not contain the letter. By way of further response, on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy. By way of further response it is denied that the waiver, or that defendant's conduct, was used in bad faith.

40. Denied. The averments in this paragraph are denied as a conclusion of law for which no response is required. To the extent that a response is required, on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy.

41. Denied. To the contrary, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

42. Denied. To the contrary, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

43. Denied. To the contrary, defendant did not commit bad faith and its conduct was reasonable. By way of further response, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

**WHEREFORE**, defendant demands judgment in its favor and against the plaintiffs and that the court award defendant its costs, fees and any other relief that the court deems just and/or equitable.

### COUNT IV - BAD FAITH
### LELAND SLEDGE VS. DEFENDANT

44. Defendant incorporates the averments in paragraphs 1-43 above as if fully stated at length herein.

45. Denied. It is denied that Leland Sledge was a named insured and an insured on the policy. To the contrary, defendant incorporates the averments in paragraphs 5 and 18 above as if fully stated at length herein. The averments "at all times material hereto" are impermissibly vague as to enable a response, therefore the averments are denied.

46. Admitted in part, denied in part. It is admitted that the policy provides UM coverage and that the waiver was invalid. To the extent that the averments in this paragraph state or infer that plaintiffs UM claim is valid and payable, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein. Moreover, plaintiffs have not communicated to defendant their demand or all of their claimed medical bills. By way of further response, Exhibit "A" contains other documents in addition to the waiver. Defendant incorporates the averments in paragraph 5 above as if fully stated at length herein.

47. Admitted in part, denied in part. It is admitted that the waiver signed by William Holmes was invalid. The averment that defendant violated the averred statute is a conclusion of law for which no response is required. By way of further response it is denied that the waiver was used in bad faith or that defendant committed bad faith. To the contrary, defendant incorporates the averments in paragraph 5 as if fully stated at length hereto and on January 23,

8

2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy.

48. Admitted in part, denied in part. It is admitted that the policy provides UM coverage. To the extent that the averments in this paragraph state or infer that plaintiffs UM claim is valid and payable, defendant incorporates the averments in paragraph 5 above as if fully stated at length herein. Moreover, plaintiffs have not communicated to defendant their demand or all of their claimed medical bills. By way of further response it is denied that the waiver, or that defendant's conduct, was bad faith.

49. Admitted. By way of further response, defendant incorporates the averments in paragraph 47 above as if fully stated at length herein.

50. Admitted, with the exception that Exhibit "A" does not contain the letter. By way of further response, on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy. By way of further response it is denied that the waiver, or that defendant's conduct, was used in bad faith.

51. Denied. The averments in this paragraph are denied as a conclusion of law for which no response is required. To the extent that a response is required, on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy. By way of further response it is denied that the waiver was used in bad faith or that defendant committed bad faith. To the contrary, defendant incorporates the averments in paragraph 5 as if fully stated at length hereto and on January 23, 2013, defendant wrote to plaintiffs' counsel stating that UM coverage existed in the policy.

52. Denied. To the contrary, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

53. Denied. To the contrary, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

54. Denied. To the contrary, defendant did not commit bad faith and its conduct was reasonable. By way of further response, defendant incorporates the averments in paragraph 37 above as if fully stated at length herein.

**WHEREFORE**, defendant demands judgment in its favor and against the plaintiffs and that the court award defendant its costs, fees and any other relief that the court deems just and/or equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are bound by the conduct of their agents, representatives and attorneys.

### SECOND AFFIRMATIVE DEFENSE

Defendant incorporates by reference the policy of insurance including all terms, provisions, exclusions, limitations, endorsements and declarations in the policy of insurance.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any punitive damages sought by plaintiffs do not meet the criteria set forth by the United States Supreme Court in State Farm Mut. Auto. Ins. Co. vs. Campbell, 123 S. Ct. 1513 (2003), such an award would be violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to allege any conduct sufficient to permit the imposition of

punitive damages under applicable law against defendant nor did such conduct occur.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that any punitive damages sought by the plaintiffs are not reasonably related to the amount of compensatory damages obtained by them, if any, such an award is prohibited under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the limited tort selection in the policy.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not responsible for any delay caused by plaintiff, his representatives and/or his attorneys.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by their non-compliance of/with the policy, including the provisions regarding duties in the event of loss. Plaintiffs failed to provide recorded statements despite multiple requests by the defendant.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, there was a reasonable basis to question whether the accident occurred as reported because plaintiffs did not provide requested recorded statements and Leland Sledge was not listed on the police report as a passenger in William Holmes' vehicle.

**WHEREFORE**, defendant demands judgment in its favor and against the plaintiffs and

that the court award defendant its costs, fees and any other relief that the court deems just and/or equitable.

                                    BENNETT, BRICKLIN AND SALTZBURG LLC

                BY:_____ CFD_____
                                  Chester F. Darlington, Esq.
                                  1601 Market Street, 16th Floor
                                  Philadelphia, PA 19103
                                  215-665-3363 telephone
                                  215-561-6661 facsimile
Date:  February 18, 2013              Attorney for defendant