IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Holmes, and<br>Leland Sledge<br><br>            Plaintiffs<br><br>            v.<br><br>Infinity Indemnity Casualty Co.<br><br>            Defendant | :<br>:<br>:<br>:<br>:<br>:   No. 13-cv-578<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

**AND NOW,** this _____ day of _____, 2013, upon consideration of Plaintiffs' Motion to Compel Discovery and any response hereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED,** as requested. Defendant's counsel shall produce un-redacted copies of Bates Stamped Documents CF0619 and CF0620 within ten (10) days from the date of this Order, or suffer sanctions upon further application to the Court.

_____
                                             J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Holmes, and<br>Leland Sledge<br><br>    Plaintiffs<br><br>    v.<br><br>Infinity Indemnity Casualty Co.<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>: No. 13-cv-578<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, William Holmes and Leland Sledge, by undersigned counsel, hereby move this Court to enter the attached order compelling Defendant, Infinity Indemnity Casualty Co., to produce un-redacted claims notes and, in support thereof, aver as follows:

1. This matter arises from a motor vehicle accident that occurred on November 18, 2011 in Philadelphia, Pennsylvania. As a result of the accident, Plaintiffs were seriously injured when their vehicle was struck by the tortfeasor's "phantom" vehicle that subsequently fled the accident scene.

2. At the time of the accident, Plaintiffs had Uninsured Motorist (UM) coverage with Defendant, Infinity Indemnity Casualty Company.

3. By way of letter dated October 23, 2012, undersigned counsel requested that Defendant open a UM claim for Plaintiffs.

4. On October 24, 2012, the very next day, Defendant <u>denied</u> Plaintiffs' request for UM benefits, citing as a reason for the denial an <u>invalid</u> UM rejection form. Defendant knew, or reasonably should have known, that the UM rejection form on which it based its denial of UM

benefits to the Plaintiffs was invalid under Pennsylvania law. Despite this knowledge, Defendant persisted in its unlawful denial of UM benefits to the Plaintiffs.

5. Defendant's actions constitute bad faith under 42 Pa.C.S.A. §8371.

6. Plaintiffs subsequently filed suit against Defendant, alleging counts for UM coverage and bad faith in their Complaint.

7. During discovery, Defendant produced documents which appear to consist of messages, entries and/or notes regarding the handling and processing of Plaintiffs' UM claim generated by the Defendant's UM claim handler. A copy of these documents is attached hereto as Exhibit "A."

8. However, the entries after November 26, 2012 are redacted. See Exhibit "A." Bates Stamped Documents CF619 and CF620.

9. In response to Plaintiffs' counsel's request for a privilege log, counsel for Defendant produced the document at Exhibit "B."

10. In the privilege log, counsel for Defendant identified the redacted entries as "log notes" and cited the basis for the privilege as "work product," yet failed to describe the contents of the redacted entries, who generated them, or why they were generated. Under F.R.C.P. 26(b)(5), when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) *describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.* Since Defendant failed to comply with this requirement, Plaintiffs cannot assess the privilege claim.

11. Furthermore, the redacted entries are clearly discoverable for several reasons. First, to the extent that they may contain information about how Plaintiffs' UM claim for coverage was processed, handled and denied, these entries are clearly relevant to the question of Defendant's bad faith actions and motives in denying UM coverage, as well as its knowledge concerning the invalid UM rejection form. Second, notes or entries from Defendant's claims handler or claims processor do <u>not merit</u> any privilege or protection under the work product doctrine, which only protects against disclosure of the mental impressions, conclusions, opinions, or legal theories of a *party's attorney* or *other representative* concerning the litigation. Third, even if the entries were determined to be "work product," such entries are clearly discoverable, and therefore relevant, if Defendant intends to raise as a defense at trial that it relied upon advice of counsel in handling, investigating and denying Plaintiffs' UM claim.

12. Without the un-redacted entries, Plaintiffs will be prejudiced in their ability to fully evaluate Plaintiffs' bad faith claim and to present their case at trial.

**WHEREFORE,** Plaintiffs respectfully requests this Honorable Court to enter an order in the form attached, compelling the production of the un-redacted documents prior to the deposition of Defendant.

Respectfully submitted,

**SIMON & SIMON, P.C.**

By:_____/s_____
　　Marc I. Simon, Esquire
　　Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| William Holmes, and<br>Leland Sledge | : |  |
|---|---|---|
| Plaintiffs | : | |
| | : | No. 13-cv-578 |
| v. | : | |
| Infinity Indemnity Casualty Co. | : | |
| Defendant | : | |

**CERTIFICATION OF COMPLIANCE WITH**
**FEDERAL RULE OF CIVIL PROCEDURE 26.1 (f)**

The undersigned counsel for Plaintiffs hereby certifies and attests that he has made a good faith effort to resolve this issue with opposing counsel.

                            **SIMON & SIMON, P.C.**

                      By:_____/s_____
                            Marc I. Simon, Esquire
                            Counsel for Plaintiff

Dated: August 2, 2013

# CERTIFICATION OF SERVICE

I, Marc I. Simon, attorney for Plaintiff, hereby certify that a true and correct copy of Plaintiffs' Motion to Compel Discovery was served on the below date, by the court's electronic filing system, upon the following:

ALL COUNSEL LISTED FOR DEFENDANT(S)


DATE: August 2, 2013

/s
Marc I. Simon, Esquire
Attorney for Plaintiffs



| | | | |
|---|---|---|---|
| | | | sent via reg mail and fax |
| 2012/10/27 20:48 CT | | PROCESSING | Doc Id 226763449 was received and routed to the adjusters. |
| 2012/10/29 07:39 CT | | PROCESSING | Doc Id 226769722 was received and routed to the adjusters. This is a time demand! |
| 2012/10/30 05:29 CT | 824 | LONG | - BRIAN<br>- SEE DOC ID 226769722<br>- RE: UM CLAIMS<br>- THANKS<br>CC TA7; ST9 |
| 2012/10/30 05:29 CT | 824 | AUTOREP | Doc Id: 226769722 was updated by Rep# 824. The time demand completed date changed to 10302012. |
| 2012/11/02 16:38 CT | ST9 | KOCH | Brian- Has atty received waivers?<br>cc- ta7 |
| 2012/11/05 07:57 CT | TA7 | SAND | Yes, i sent them on 10/24/12, awaiting response.<br>cc:st9 |
| 2012/11/07 05:57 CT | 824 | LONG | - CLOSED (PA) LOSS<br>- RECD V/M FRM HEATHER AND/OR CHRISTY<br>- ADVANCED DIAG<br>- RE: LELAND SLEDGE<br>- 215-473-1500<br>- PLEASE TRANSFER FOR RTN CALL AND FURTHER HANDLING<br>- THANKS<br>CC PTC |
| 2012/11/08 06:56 CT | PTC | TO TRANSFER | HOLMES, WILLIAM MF CHANGED (SVPEX) SUPERVISOR AND EXAMI NER CODE FROM: A53 AND 824 TO: 089 AND SBW |
| 2012/11/08 06:56 CT | PTC | TO TRANSFER | SLEDGE, LELAND MF CHANGED (SVPEX) SUPERVISOR AND EXAMIN ER CODE FROM: A53 AND 824 TO: 089 AND SBW |
| 2012/11/08 06:57 CT | PTC | TRANSFER | TRACIE, MF PA CLOSED FILE TO YOU FOR FURTHER HANDLING, SEE ABOVE, RTN CALL TO PROVIDER.<br>CC: SBW |
| 2012/11/08 12:16 CT | SBW | THREADFORD | RET CALL TO CHRISTY AT 215-473-1500 AND SHE LOOKED AT BOTH PARTIES TO THE CLM AND DOES NOT KNOW WHY HEATHER CALLED AS CHRISTY SPOKE WITH SOMEONE ON THE 19TH AND WAS TOLD THAT LELAND HAS ABOUT 500 REMAINING IN BENS. ADV THIS IS CORRECT. THANKED HER FOR HER TIME AND ENDED THE CALL. TRANSD FEATURES TO MY REP CODE IN THE BILLING SYSTEM TO AWAIT ANY MEDS |
| 2012/11/26 10:30 CT | | PROCESSING | Doc Id 227158590 was received and routed to the adjusters. |



B

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HOLMES and LELAND SLEDGE | : : : : | |
| v. | : | NO.: 13-cv-578 |
| INFINITY INDEMNITY CASUALTY COMPANY | : : : : | |

## PRIVILEGE LOG

| Bates No. | Date | Description | Author | Privilege |
|---|---|---|---|---|
| 619-620 | Jan. 10, 2013 | Log Notes | Infinity | Work Product |

DATE:　　July 29, 2013　　　BENNETT, BRICKLIN & SALTZBURG LLC

BY:　___CFD_____
Chester F. Darlington, Esquire

Attorney for defendant